Brian F. Rowe, CA Bar #168792
Brian.Rowe@Wellpoint.com
21555 Oxnard St., First Floor Legal
Woodland Hills, California 91367
PH:   (818) 234-2823
FAX: (818) 234-4505

Attorneys for Defendant
Blue Cross of California

E-filing

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA



| | |
|---|---|
| TRACI GRISCHOTT, an individual,<br><br>        Plaintiff,<br><br>vs.<br><br>BLUE CROSS OF CALIFORNIA, a<br>corporation, and DOES 1 through 25,<br>inclusive,<br><br>        Defendant. | CASE NO. C 07 3400 JL<br><br>NOTICE OF REMOVAL OF CIVIL<br>ACTION TO UNITED STATES<br>DISTRICT COURT |

PLEASE TAKE NOTICE that defendant Blue Cross of California ("Blue Cross") hereby removes the above-entitled action from the Superior Court of the State of California, in and for the County of San Francisco, to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1331 and 1441 et seq., and alleges as follows:

1

1.    On or about May 23, 2007, there was filed in the Superior Court of the State of California for the County of San Francisco, the Complaint in the above-entitled civil action bearing number CGC07-463618 in the records and files of that Court. Defendant first received copies of the Summons and Complaint by process server on May 30, 2007, thirty days since such service has not elapsed.

2.    This action is being removed to federal court because it involves a claim to enforce rights under an employee welfare benefit plan regulated by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, et seq. ("ERISA").

3.    The District Court of the United States, Northern District of California, has original jurisdiction under 29 U.S.C. § 1132(e) (1) and 28 U.S.C. § 1441 in that:

(a) Plaintiff Traci Grischott alleges that she "has worked for Patterson Flying Service for 19 years." [Complaint, ¶ 5] She further alleges that she "had insurance coverage under THE POLICY at the time, which she had paid for through employee benefits." [Complaint, ¶ 7] Her policy is part of an employee welfare benefit plan (the "Plan") within the meaning of 29 U.S.C. § 1002(1). The enforcement of rights under the Plan is governed exclusively by federal law under ERISA. Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987).

(b) Plaintiff Traci Grischott seeks to enforce rights under the Plan.

(c) Plaintiff Traci Grischott was a "beneficiary" of the Plan as defined by ERISA. 29 U.S.C. § 1002(8).

(d) The District Courts of the United States have original jurisdiction over, and federal law under ERISA controls, actions brought to recover benefits and to enforce rights under employee welfare benefit plans. 29 U.S.C. § 1132(e)(1); Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987).

2

---

NOTICE OF REMOVAL OF CIVIL ACTION TO USDC

N:\LEGAL\WPWIN\LIT\LL070715\notremov.doc

1  Removal of such cases to federal court is proper. <u>Metropolitan Life Ins. Co. v.</u>

2  <u>Taylor</u>, 481 U.S. 58, 107, S.Ct. 1542, 95 L.Ed.2d 55 (1987).

3       WHEREFORE, defendant files this Notice of Removal of this action from the

4  aforesaid Superior Court, in which it is now pending, to the District Court of the

5  United States for the Northern District of California located at 450 Golden Gate

6  Avenue, San Francisco, California 94102-3483. There is attached to this Notice,

7  marked as Exhibit A and incorporated herein by reference, a copy of all process,

8  pleadings and orders received by defendant.

9       WHEREFORE, defendant prays that this action be removed from the Superior

10 Court of the State of California for the County of San Francisco, to the United States

11 District Court for the Northern District of California.

12

13

14 Dated:  June 26, 2007                    Legal Department
                                           BLUE CROSS OF CALIFORNIA
15

16

17                          By:   _____

18                                BRIAN F. ROWE
                                  Attorneys for Defendant
19                                BLUE CROSS OF CALIFORNIA

20

21

22

23

24

25

26

27

28                                         3

---

NOTICE OF REMOVAL OF CIVIL ACTION TO USDC

N:\LEGAL\WPWIN\LIT\LL070715\notremov.doc

**EXHIBIT  A**

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
BLUE CROSS OF CALIFORNIA, a corporation, and DOES 1
through 25, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
TRACI GRISCHOTT, an individual

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO despues de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
(El nombre y dirección de la corte es):
SUPERIOR COURT OF SAN FRANCISCO
400 MCALLISTER ST.
SAN FRANCISCO, CA 94102

CASE NUMBER:
(Número del Caso):
CGC07- 463611

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
MARK L. WEBB                                     415-621-4500
LAW OFFICES OF MARK L. WEBB
414 GOUGH ST., STE. 2
SAN FRANCISCO, CA 94102
DATE: MAY 2 3 2007
(Fecha)                    GORDON PARK-LI        CRISTINA E. BAUTISTA        , Deputy
                          (Secretario)                                      (Adjunto)
Clerk, by

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

NOTICE TO THE PERSON SERVED: You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [X] on behalf of (specify): Blue Cross of California, a Corporation

   under: [X] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other (specify):
4. [ ] by personal delivery on (date):

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

05/29/2007 10:13 4156214173
Case 3:07-cv-03400-JL Document 1 Filed 06/28/2007 Page 6 of 27
05/23/2007 09:10 415621 3 LAW OFFICES
LAW OFFICES
PAGE 03/23
PAGE 04/08

1  MARK L. WEBB, ESQ. (SBN 067959)
   LAW OFFICES OF MARK L. WEBB
2  414 Gough Street, Suite Two
   San Francisco, CA 94102
3  Telephone: (415) 621-4500
   Facsimile: (415) 621-4173
4

5  Attorney for Plaintiff,
   TRACI GRISCHOTT
6

**ENDORSED**
**F I L E D**
San Francisco County Superior Court

MAY CASE MANAGEMENT CONFERENCE SET

GORDON PARK-LI, Clerk
BY: CRISTI A C. BAUTISTA 9 6 2007 -9⁰⁰AM
Deputy Clerk

OCT 2 6 2007 -9⁰⁰AM

DEPARTMENT 212   DEPARTMENT 212

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8               IN AND FOR THE COUNTY OF SAN FRANCISCO

9                    UNLIMITED CIVIL JURISDICTION

10 | TRACI GRISCHOTT, an individual,          | Case No. CGC 07 - 463618

11 |            Plaintiff,                     | **COMPLAINT FOR:**

12 |                v.                         | 1) **Breach of Insurance Policy as a Contract**

13 | BLUE CROSS OF CALIFORNIA, a
   | corporation, and DOES 1 through 25,       | 2) **Tortious Breach of the Insurance Relationship and Insurance "Bad Faith")**
14 | inclusive,

15 |            Defendants.

16                                              3) **Demand for Trial by Jury**

                                               **FILED BY FAX**

17    1. Plaintiff TRACI GRISCHOTT is an individual.

18    2. Plaintiff is a citizen of the State of California.

19    3. Defendant BLUE CROSS OF CALIFORNIA ("BLUE CROSS") is a corporation engaged

20       in the business of healthcare in the State of California.

21    4. At some point prior to December 4, 2006, Plaintiff entered into a written agreement with

22       BLUE CROSS for health insurance (hereinafter "THE POLICY"). Plaintiff's Insured ID

23       number is XDX 232A62540. The group number is 212748.

24    5. Plaintiff has worked for Patterson Flying Service for 19 years in Patterson, California

25       where she loads chemicals into planes. Plaintiff has had back problems for several years,

26       but has managed to work through the pain in the past. In 2006, her back pain became

27       unbearable. Plaintiff went to see Dr. David Brybee who diagnosed her condition as a

28

1     bulging/herniated disc at L4-L5. Plaintiff also went to see a pain specialist, Dr. James

2     Barnett, who concurred.

3   6. In September of 2006, Plaintiff was referred for a consultation with Dr. Kenneth Light of

4     San Francisco, California. Dr. Light, a well-respected spine surgeon, recommended that,

5     rather than having spinal fusion surgery, Plaintiff should have disc replacement surgery

6     utilizing the Charité artificial disc ("THE PROCEDURE").

7   7. However, BLUE CROSS refused to cover THE PROCEDURE. Plaintiff had insurance

8     coverage under THE POLICY at the time, which she had paid for through employee

9     benefits.

10   8. Therefore, the denial of benefits for surgery in San Francisco, California provides venue in

11     San Francisco, California.

12   9. As a result of this denial, Dr. Light performed spinal fusion surgery on Plaintiff in San

13     Francisco, California, as the best possible alternative, though less effective and thus less

14     desirable.

15   10. Plaintiff currently has residual pain, loss of motion, has not been able to return to work,

16     and will likely never be able to work again.

17   11. THE PROCEDURE is FDA approved and should have been approved by BLUE CROSS

18     to avoid the ongoing and unnecessary pain and suffering of Plaintiff. THE PROCEDURE

19     is considered medically necessary and reasonable for Plaintiff.

20   12. BLUE CROSS has denied approval of the procedure.

21   13. In doing the acts described in this Complaint, Defendants knew that they would cause

22     physical pain and emotional injury to Plaintiff, carried out their adjustment process with

23     disregard of Plaintiff's right to the proceeds of THE POLICY

24   14. Plaintiff is informed, believes and thereon alleges that BLUE CROSS, at all relevant

25     times, engaged in oppression, fraud or malice, including despicable conduct that

26     subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's

27     rights under all applicable laws, including, but not limited to, violations of California

28     Insurance Code §790.03(h) sub sections (2), (3), (4), (5), and (13).

1    15. The true names or capacities, whether individual, corporate, associate or otherwise, of
2    Defendants DOES 1 through 25, inclusive, are unknown to Plaintiff, who therefore sues
3    said Defendants by such fictitious names. Plaintiff will amend this Complaint to allege
4    their true names and capacities when ascertained. Plaintiff is informed and believes and
5    thereon alleges that each of the Defendants designated herein legally and proximately
6    caused injury and damages to Plaintiff, as herein alleged, and are therefore responsible to
7    Plaintiff for the requested relief.

8    16. At all times described herein, Defendants, and each of them, were the agents, servants and
9    employees of each other, and were at all times acting within the purpose, scope and
10    authorization of said agency, service and employment. Additionally, each Defendant has
11    ratified and approved the acts of each other Defendant acting for and on behalf of the
12    former.

13    **FIRST CAUSE OF ACTION**

14    **(Breach of Insurance Policy as a Contract)**

15    17. Plaintiff incorporates in this paragraph the allegations set forth in paragraphs 1 through 16,
16    inclusive, as if they were set forth in full in this cause of action.

17    18. As a result of THE POLICY, there existed between Plaintiff and Defendants, and each of
18    them, a contractual relationship whereby Defendants were obligated to provide the herein
19    described insurance coverage to Plaintiff.

20    19. All premiums due under THE POLICY were timely paid. All other conditions required by
21    THE POLICY have been performed.

22    20. Defendants breached THE POLICY by failing to approve THE PROCEDURE.

23    21. As a result of Defendant's breach of THE POLICY, Plaintiff has suffered, and continues to
24    suffer harm, as alleged in paragraphs 1 through 16.

25    **SECOND CAUSE OF ACTION**

26    **(Tortious Breach of the Insurance Relationship and Insurance "Bad Faith")**

27    22. Plaintiff incorporates in this paragraph the allegations set forth in paragraphs 1 through 21,
28    inclusive, as if they were set forth in full in this cause of action.

23. As a result of THE POLICY, there existed between Plaintiff and Defendants, a covenant of good faith and fair dealing, which, *inter alia*, required Defendants to not place their interests above those of Plaintiff, but rather give equal consideration to the interest of Plaintiff as Defendants would give to their own interests. This implied covenant also compelled Defendants to do nothing to prevent Plaintiff from receiving the benefits due under THE POLICY. Rather than abiding by these legal obligations owed to Plaintiff as an insured, Defendants have breached and violated each of them, handled Plaintiff's claim in "bad faith," acted unlawfully and have denied coverage of THE PROCEDURE despite knowing that they have a duty to honor THE POLICY.

24. In doing the acts herein complained of, Defendants have deprived Plaintiff of the very security sought upon agreeing to pay premiums in return for insurance coverage, coverage Plaintiff believed covered reasonably necessary medical expenses. In this regard, Defendants violated the basic principles of acting in good faith and fair dealing, which concepts are inherent in the contractual relationship between an insurer and an insured.

25. In failing to provide coverage in these circumstances, Defendants have compelled Plaintiff to undergo a less effective surgical procedure, and as a result, Plaintiff continues to experience residual pain, loss of motion, and may never be able to return to work. In addition, Defendants' unreasonable denial has compelled Plaintiff to institute litigation to recover damages for her injuries suffered as a result of Defendants' bad faith denial of coverage.

26. Defendants' conduct, as described herein, was malicious, oppressive and fraudulent, as defined in Civil Code §3294, and entitles Plaintiff to punitive damages by way of example and as a means of punishing Defendants for engaging in such conduct.

27. Defendants' denial of Plaintiff's coverage has caused her harm as described in paragraphs 1 through 16.

### PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for damages and relief as follows:

28. For damages according to proof;

29. For general and compensatory damages, including, but not limited to, injuries resulting from humiliation, mental anguish and emotional distress according to proof;

30. For relief deemed appropriate by proof received at trial through findings of a jury;

31. For special damages in the form of attorneys' fees and costs in obtaining the insurance coverage due from Defendants;

32. For pre- and post-judgment interest in an amount appropriate under the law;

33. For a declaration of rights, including rights to insurance coverage in accordance with Defendants' obligations under THE POLICY;

34. For punitive damages in an amount sufficient to make an example of Defendants;

35. For punitive damages in an amount according to proof;

36. For costs of suit incurred herein; and

37. For such other and further relief as the court may deem just and proper.

DATED: May 21, 2007                    LAW OFFICES OF MARK L. WEBB

By: _____
        MARK L. WEBB

---

COMPLAINT
Page -5-

CASE NUMBER: CGC-07-463618 TRACI GRISCHOTT VS. BLUE CROSS OF CALIFORNIA A (

## NOTICE TO PLAINTIFF

A Case Management Conference is set for

DATE:    **OCT-26-2007**

TIME:    **9:00AM**

PLACE:   **Department 212**
         **400 McAllister Street**
         **San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

> CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.
>
> However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

## ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

> IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL. (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

# Alternative Dispute Resolution (ADR) Information Package

# Alternatives to Trial

# Here are some other ways to resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package
on each defendant along with the complaint.  (CRC 201.9(c))

### Superior Court of California
### County of San Francisco

# Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.

# Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- *ADR can be speedier.* A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- *ADR can save money.* Court costs, attorneys fees, and expert fees can be saved.

- *ADR can permit more participation.* The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- *ADR can be flexible.* The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- *ADR can be cooperative.* This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- *ADR can reduce stress.* There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- *ADR can be more satisfying.* For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' position harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

# Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

# ALTERNATIVE DISPUTE RESOLUTION PROGRAMS
## Of the San Francisco Superior Court

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to a mandatory settlement conference or trial." (Superior Court Local Rule 4)

This guide is designed to assist attorneys, their clients and self-represented litigants in complying with San Francisco Superior Court's alternative dispute resolution ("ADR") policy. Attorneys are encouraged to share this guide with clients. By making informed choices about dispute resolution alternatives, attorneys, their clients and self-represented litigants may achieve a more satisfying resolution of civil disputes.

The San Francisco Superior Court currently offers three ADR programs for civil matters; each program is described below:

1)    Judicial arbitration
2)    Mediation
3)    The Early Settlement Program (ESP) in conjunction with the San Francisco Bar Association.

## JUDICIAL ARBITRATION

### Description

In arbitration, a neutral "arbitrator" presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case. When the Court orders a case to arbitration it is called <u>judicial arbitration</u>. The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.

Although not currently a part of the Court's ADR program, civil disputes may also be resolved through <u>private arbitration</u>. Here, the parties

voluntarily consent to arbitration. If all parties agree, private arbitration may
be binding and the parties give up the right to judicial review of the
arbitrator's decision. In private arbitration, the parties select a private
arbitrator and are responsible for paying the arbitrator's fees.

## Operation

Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the
amount in controversy is $50,000 or less, and no party seeks equitable
relief, shall be ordered to arbitration. A case is ordered to arbitration after
the Case Management Conference. An arbitrator is chosen from the
Court's Arbitration Panel. Most cases ordered to arbitration are also
ordered to a pre-arbitration settlement conference. Arbitrations are
generally held between 7 and 9 months after a complaint has been filed.
Judicial arbitration is not binding unless all parties agree to be bound by the
arbitrator's decision. Any party may request a court trial within 30 days
after the arbitrator's award has been filed.

## Cost

There is no cost to the parties for judicial arbitration or for the pre-
arbitration settlement conference.

# MEDIATION

## Description

Mediation is a voluntary, flexible, and confidential process in which a
neutral third party "mediator" facilitates negotiations. The goal of mediation
is to reach a mutually satisfactory agreement that resolves all or part of the
dispute after exploring the significant interests, needs, and priorities of the
parties in light of relevant evidence and the law.

Although there are different styles and approaches to mediation, most
mediations begin with presentations of each side's view of the case. The
mediator's role is to assist the parties in communicating with each other,
expressing their interests, understanding the interests of opposing parties,
recognizing areas of agreement and generating options for resolution.
Through questions, the mediator aids each party in assessing the strengths
and weaknesses of their position.

A mediator does not propose a judgment or provide an evaluation of the merits and value of the case. Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions. Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

## Operation

San Francisco Superior Court Local Court Rule 4 **provides three different voluntary mediation programs** for civil disputes. An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at www.sfgov.org/courts.  Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties. A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

## Private Mediation

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation. The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial. Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110). Both forms are attached to this packet.

## *Mediation Services of the Bar Association of San Francisco*

The Mediation Services is a coordinated effort of the San Francisco
Superior Court and The Bar Association of San Francisco (BASF) in which
a court approved mediator provides three hours of mediation at no charge
to the parties.  It is designed to afford civil litigants the opportunity to
engage in early mediation of a case shortly after filing the complaint, in an
effort to resolve the matter before substantial funds are expended on the
litigation process.  Although the goal of the program is to provide the
service at the outset of the litigation, the program may be utilized at
anytime throughout the litigation process.

The mediators participating in the program have been pre-approved by the
court pursuant to strict educational and experience requirements.

After the filing of the signed Stipulation to Alternative Dispute Resolution
form included in this ADR package the parties will be contacted by BASF.
Upon payment of the $200 per party administration fee, parties select a
specific mediator from the list of court approved mediation providers.  The
hourly mediator fee beyond the first three hours will vary depending on the
mediator selected. Waiver of the administrative fee based on financial
hardship is available.

A copy of the Mediation Services rules can be found on the BASF website
at www.sfbar.org, or you may call BASF at 415-782-8913

## *Judicial Mediation*

The Judicial Mediation program is designed to provide early mediation of
complex cases by volunteer judges of the San Francisco Superior Court.
Cases considered for the program include construction defect, employment
discrimination, professional malpractice, insurance coverage, toxic torts
and industrial accidents.

Parties interested in judicial mediation should file the Stipulation to
Alternative Dispute Resolution form attached to this packet indicating a joint
request for inclusion in the program.  A preference for a specific judge may
be indicated.  The court Alternative Dispute Resolution Coordinator will
coordinate assignment of cases that qualify for the program.

## Cost

Generally, the cost of Private Mediation ranges from $200 per hour to $400 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $200 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

## EARLY SETTLEMENT PROGRAM

### Description

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar. The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute. The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference. A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case. The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

### Operation

Civil cases enter the ESP either voluntarily or through assignment by the Court. Parties who wish to choose the early settlement process should indicate this preference on the status and setting conference statement.

If a matter is assigned to the ESP by the Court, parties may consult the
ESP program materials accompanying the "Notice of the Early Settlement
Conference" for information regarding removal from the program.

Participants are notified of their ESP conference date approximately 4
months prior to trial. The settlement conference is typically held 2 to 3
months prior to the trial date. The Bar Association's ESP Coordinator
informs the participants of names of the panel members and location of the
settlement conference approximately 2 weeks prior to the conference date.

Local Rule 4.3 sets out the requirements of the ESP. All parties to a case
assigned to the ESP are required to submit a settlement conference
statement prior to the conference. All parties, attorneys who will try the
case, and insurance representatives with settlement authority are required
to attend the settlement conference. If settlement is not reached through
the conference, the case proceeds to trial as scheduled.

## Cost

All parties must submit a $200 generally non-refundable administrative fee
to the Bar Association of San Francisco. Parties who meet certain eligibility
requirements may request a fee waiver. For more information, please
contact the ESP Coordinator at (415) 982-1600.


*  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *


For further information about San Francisco Superior Court ADR programs
or dispute resolution alternatives, please contact:

Superior Court Alternative Dispute Resolution Coordinator,
400 McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

or visit the Superior Court Website at
http://sfgov.org/site/courts_page.asp?id=3672

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO
400 McAllister Street, San Francisco, CA  94102-4514

|  |  |
|---|---|
| Plaintiff<br><br>v.<br><br>Defendant | Case No. _____<br><br>**STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION** |

The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:

☐  Private Mediation            ☐  Mediation Services of BASF   ☐  **Judicial Mediation**
☐  Binding arbitration                                                 Judge _____
☐  Non-binding judicial arbitration                                    Judge _____
☐  BASF Early Settlement Program
☐  Other ADR process (describe) _____

**Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

_____

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant |  | Dated: _____ |

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant |  | Dated: _____ |

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant |  | Dated: _____ |

☐  *Additional signature(s) attached*

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                    FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| | |
|---|---|
| **CASE MANAGEMENT STATEMENT**<br>(Check one): ☐ **UNLIMITED CASE** ☐ **LIMITED CASE**<br>(Amount demanded (Amount demanded is $25,000<br>exceeds $25,000) or less) | CASE NUMBER: |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                    Time:                    Dept:                    Div.:                    Room:

Address of court *(if different from the address above)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:

      (3) ☐ have had a default entered against them *(specify names)*:

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(describe, including causes of action)*:

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courtinfo.ca.gov

American LegalNet, Inc.<br>www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial *(if more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐ The trial has been set for *(date):*
b.  ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☐ days *(specify number):*
b.  ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:
e.  Fax number:
f.  E-mail address:
g.  Party represented:
☐ Additional representation is described in Attachment 8.

9.  **Preference**
☐ This case is entitled to preference *(specify code section):*

10.  **Alternative Dispute Resolution (ADR)**
a.  Counsel ☐ has ☐ has not    provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b.  ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c.  ☐ The case has gone to an ADR process *(indicate status):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.    The party or parties are willing to participate in *(check all that apply):*

(1) ☐ Mediation

(2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

(3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

(4) ☐ Binding judicial arbitration

(5) ☐ Binding private arbitration

(6) ☐ Neutral case evaluation

(7) ☐ Other *(specify):*

e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**

☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**14. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 14a.

b. ☐ A motion to ☐ consolidate ☐ coordinate    will be filed by *(name party):*

**15. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

|  Party | Description | Date |
|---|---|---|
| | | |

c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other Issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**

Previous case management orders in this case are *(check one)*:    ☐ none    ☐ attached as Attachment 21.

**22.** Total number of pages attached *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

► _____

_____
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY)

► _____

_____
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached

CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Page 4 of 4

# Superior Court of California
## County of San Francisco

## Judicial Mediation Program

### Introducing a new court alternative dispute resolution program that provides judicial mediation of complex civil cases

The Judicial Mediation program offers mediation of complex civil litigation by a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

| | |
|---|---|
| The Honorable David L. Ballati | The Honorable Tomar Mason |
| The Honorable Anne Bouliane | The Honorable James J. McBride |
| The Honorable Ellen Chaitin | The Honorable Kevin M. McCarthy |
| The Honorable John J. Conway | The Honorable John E. Munter |
| The Honorable Robert L. Dondero | The Honorable Ronald Evans Quidachay |
| The Honorable Ernest H. Goldsmith | The Honorable A. James Robertson, II |
| The Honorable Curtis E. A. Karnow | The Honorable Mary E. Wiss |
| The Honorable Patrick J. Mahoney | |

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 212. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Coordinator will facilitate assignment of cases that qualify for the program.

Note: Space is limited. Submission of a stipulation to judicial mediation does not guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

12/15/06

**PROOF OF SERVICE**

STATE OF CALIFORNIA      )
                            )
COUNTY OF LOS ANGELES    )

    I, Shelley Brinkman, am over the age of eighteen years and not a party to the within entitled action; my business address is 21555 Oxnard Street, First Floor, Woodland Hills, CA 91367.

    On June 27, 2007, I served a copy(ies) of the following document(s): **NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT** on the party(ies) in this action by the method(s) indicated below:

Mark L. Webb, Esq.
LAW OFFICES OF MARK L. WEBB
294 Page Street
San Francisco, CA 94102
Phone: (415) 621-4500
Attorney for Plaintiff
TRACI GRISHOTT

X    **(BY MAIL)** I placed the sealed envelope(s) for collection and mailing by following the ordinary business practices of BLUE CROSS OF CALIFORNIA, Woodland Hills, California. I am readily familiar with BLUE CROSS OF CALIFORNIA's practice for collection and processing of correspondence for mailing with the United States Postal Services, said practice being that, in the ordinary course of business, correspondence with postage fully prepaid is deposited with the United States Postal Services the same day as it is placed for collection.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on June 27, 2007, at Woodland Hills, California.

*Shelley Brinkman*
SHELLEY BRINKMAN

4

NOTICE OF REMOVAL OF CIVIL ACTION TO USDC