Brian F. Rowe, CA Bar #168792
Brian.Rowe@Wellpoint.com
21555 Oxnard St., First Floor Legal
Woodland Hills, California 91367
PH:  (818) 234-2823
FAX: (818) 234-4505

Attorneys for Defendant
Blue Cross of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACI GRISCHOTT, an individual, | ) CASE NO. C 07-03400 JL |
| Plaintiff, | ) ANSWER TO COMPLAINT |
| vs. | ) |
| BLUE CROSS OF CALIFORNIA, a corporation, and DOES 1 through 25, inclusive, | ) |
| Defendant. | ) |

COMES NOW that defendant Blue Cross of California ("Blue Cross") and answers plaintiff's unverified Complaint as follows:

1.  Responding to paragraph 1 of the Complaint, Blue Cross admits the allegations therein.

2.  Responding to paragraph 2 of the Complaint, Blue Cross admits the

1

allegations therein.

3.    Responding to paragraph 3, Blue Cross admits and alleges that it is a licensed Knox-Keene health care service plan, <u>Health & Safety</u> Code §§ 1340, et seq. Except as so admitted and alleged, Blue Cross denies the remainder of paragraph 3.

4.    Responding to paragraph 4 of the Complaint, Blue Cross admits and alleges that as of July 1, 1997, Traci Grischott had medical coverage provided by her employer, Patterson Flying Service, as part of an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 <u>et seq</u>. This employee welfare benefit plan was funded by a policy of insurance issued by Blue Cross to Patterson Flying Service. Her identification number is 232A62540 and her group number is 212748. Except as so admitted and alleged, Blue Cross is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein and on that basis denies each and every allegation contained therein.

5.    Responding to paragraph 5 of the Complaint, Blue Cross is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies each and every allegation contained therein.

6.    Responding to paragraph 6 of the Complaint, Blue Cross is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies each and every allegation contained therein.

7.    Responding to paragraph 7 of the Complaint, Blue Cross is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and on that basis denies each and every allegation contained therein.

BLUE CROSS OF CALIFORNIA'S ANSWER TO COMPLAINT

N:\LEGAL\WPWIN\LIT\LL070715\answer.doc

8. Responding to paragraph 8 of the Complaint, Blue Cross denies the allegations therein.

9. Responding to paragraph 9 of the Complaint, Blue Cross is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and on that basis denies each and every allegation contained therein.

10. Responding to paragraph 10 of the Complaint, Blue Cross is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and on that basis denies each and every allegation contained therein.

11. Responding to paragraph 11 of the Complaint, Blue Cross is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and on that basis denies each and every allegation contained therein.

12. Responding to paragraph 12 of the Complaint, Blue Cross is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and on that basis denies each and every allegation contained therein.

13. Responding to paragraph 13 of the Complaint, Blue Cross denies each and every allegation contained in the said paragraph.

14. Responding to paragraph 14 of the Complaint, Blue Cross denies each and every allegation contained in the said paragraph.

15. Responding to paragraph 15 of the Complaint, Blue Cross is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and on that basis denies each and every allegation contained therein.

16. Responding to paragraph 16 of the Complaint, Blue Cross is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and on that basis denies each and every allegation contained therein.

17. Responding to paragraph 17 of the Complaint, Blue Cross incorporates its responses to paragraphs 1 through 16 of the Complaint.

18. Responding to paragraph 18 of the Complaint, Blue Cross admits and alleges that plaintiff had medical coverage offered as part of an employee welfare benefit plan offered by her employer. Except as so admitted and alleged, Blue Cross denies each and every allegation contained in the said paragraph.

19. Responding to paragraph 19 of the Complaint, Blue Cross is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and on that basis denies each and every allegation contained therein.

20. Responding to paragraph 20 of the Complaint, Blue Cross denies each and every allegation contained therein.

21. Responding to paragraph 21 of the Complaint, Blue Cross denies each and every allegation contained therein.

22. Responding to paragraph 22 of the Complaint, Blue Cross incorporates its responses to paragraphs 1 through 21 of the Complaint.

23. Responding to paragraph 23 of the Complaint, Blue Cross admits and alleges that plaintiff had medical coverage offered by her employer as part of an employee welfare benefit plan and that such plan is governed by ERISA. Except as so admitted and alleged, Blue Cross denies each and every remaining allegation contained therein.

24. Responding to paragraph 24 of the Complaint, Blue Cross admits and alleges that plaintiff had medical coverage offered by her employer as part of an employee welfare benefit plan and that such plan is governed by ERISA. Except as so admitted and alleged, Blue Cross denies each and every remaining allegation contained therein.

25. Responding to paragraph 25 of the Complaint, Blue Cross is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and on that basis denies each and every allegation contained therein.

26. Responding to paragraph 26 of the Complaint, Blue Cross denies each and every allegation contained therein.

27. Responding to paragraph 27 of the Complaint, Blue Cross denies each and every allegation contained therein, and incorporates its responses to paragraphs 1 through 16 of the Complaint.

28. Responding to plaintiff's prayer for relief (paragraphs 28 through 37), Blue Cross denies that plaintiff is entitled to recover in any amount or at all as a result of the allegations set forth in the Complaint.

## **FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

29. As a first and separate affirmative defense to the Complaint, and each and every allegation therein, Blue Cross alleges that the Complaint, and each cause of action asserted therein against Blue Cross, fails to state a claim upon which relief can be granted.

## **SECOND AFFIRMATIVE DEFENSE**

(Contract Defense)

30. As a second and separate affirmative defense to the Complaint, and each and every allegation therein, Blue Cross alleges that effective on or about July 1, 19970,0 plaintiff became covered either as a participant or beneficiary of the employee welfare benefit plan established by Patterson Flying Service, and funded by a group insurance policy issued by Blue Cross to Patterson Flying Service ("the

5

N:\LEGAL\WPWIN\LIT\LL070715\answer.doc

Plan"). The Plan provided and provides with respect to investigational and not medically necessary services in pertinent part as follows:

**PART VI WHAT IS NOT COVERED**

We will not furnish benefits for:

. . .

**Experimental or Investigational:** Services which are Experimental or Investigational in nature, except as specifically stated under Cancer Clinical Trials in the Part entitled "WHAT IS COVERED." If a Member has a life-threatening or seriously debilitating condition and Blue Cross determines that requested treatment is not a Covered Service because it is Experimental or Investigational, the Member may request an Independent Medical Review. Please see the Part entitled "GRIEVANCE PROCEDURES."

. . .

**Not Medically Necessary:** Any services or supplies that are: a) not Medically Necessary, b) not specifically described in this Combined Evidence of Coverage and Disclosure Form and part of a treatment plan for non-Covered Services, or c) provided as routine follow-up care for non-Covered Services (as recognized by the organized medical community in the state of California) (but we will provide benefits for Medically Necessary Covered Services directly related to non-Covered Services when complications exceed routine follow-up care such as life-threatening complications of Cosmetic Surgery). If Blue Cross determines that requested treatment is not a Covered Service because it is not Medically Necessary, a Member may request an Independent Medical Review. Refer to the Part entitled "GRIEVANCE PROCEDURES."

. . .

6

BLUE CROSS OF CALIFORNIA'S ANSWER TO COMPLAINT

N:\LEGAL\WPWIN\LIT\LL070715\answer.doc

## PART XXII DEFINITIONS

**Investigation Procedures (Investigational)** are those:

- that have progressed to limited use on humans, but which are not generally accepted as proven and effective procedures within the organized medical community; or
- that do not have final approval from the appropriate governmental regulatory body; or
- that are not supported by scientific evidence which permits conclusions concerning the effect of the service, Drug or device on health outcomes; or
- that do not improve the health outcome of the patient treated; or
- that are not as beneficial as any established alternative; or
- whose results outside the Investigational setting cannot be demonstrated or duplicated; or
- that are not generally approved or used by Physicians in the medical community.

Blue Cross has discretion to make this determination. However, if a Member has a life-threatening or seriously debilitating condition and Blue Cross determines that requested treatment is not a Covered Service because it is Investigational, the Member may request an Independent Medical Review. Please refer to the Part entitled "GRIEVANCE PROCEDURES."

. . .

**Medically Necessary** shall mean health care services that a Physician, exercising prudent clinical judgment, would provide to a patient for the purpose

7

of preventing, evaluating, diagnosing or treating an illness, injury, disease or its symptoms, and that are:

- In accordance with generally accepted standards of medical practice,
- Clinically appropriate, in terms of type, frequency, extent, site and duration, and considered effective for the patient's illness, injury or disease, and
- Not primarily for the convenience of the patient, Physician or other health care provider, and not more costly than an alternative service or sequence of services at least as likely to produce equivalent therapeutic or diagnostic results as to the diagnosis or treatment of that patient's illness, injury or disease.

For these purposes, "generally accepted standards of medical practice" means standards that are based on credible scientific evidence published in peer-reviewed medical literature generally recognized by the relevant medical community, Physician specialty society recommendations and the views of Physicians practicing in relevant clinical areas and any other relevant factors.

31. Blue Cross has determined that the Charite´ Artificial Disc is considered investigational/not medically necessary. Blue Cross is therefore informed and believes, and upon such basis alleges that any request for benefits under the plan for such services was properly denied.

### THIRD AFFIRMATIVE DEFENSE
(Plaintiff Responsible)

32. As a third and separate affirmative defense to the Complaint, and each and every allegation therein, Blue Cross alleges that plaintiff's alleged injuries or

8

BLUE CROSS OF CALIFORNIA'S ANSWER TO COMPLAINT

damages, if any, were proximately caused by her own acts, omissions, negligence, neglect or other wrongful or unlawful acts, and that plaintiff is barred from recovery thereon.  In the alternative, plaintiff's alleged damages or injuries, if any, must be reduced by the amount of percentage of her own contributory negligence, wrongful acts, unlawful acts or omissions.

## FOURTH AFFIRMATIVE DEFENSE

(Others Responsible)

33.   As a fourth and separate affirmative defense to the Complaint, and each and every allegation therein, Blue Cross alleges that plaintiff's alleged injuries or damages, if any, were proximately caused wholly, or in part, by the acts, omissions, negligence, neglect or other wrongful facts of parties, persons, entities or corporations other than Blue Cross, and plaintiff's recovery against Blue Cross, if any, must be reduced or precluded entirely by such activities of such other parties, persons, entities or corporations.

## FIFTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

34.   As a fifth and separate affirmative defense to the Complaint, and each and every allegation therein, Blue Cross alleges that plaintiff has acted unreasonably in her failure to mitigate her alleged damages, if any, against Blue Cross, and therefore, any such damages must be reduced or eliminated in accordance with the degree to which any such damages could have been avoided by reasonable effort on the part of plaintiff to mitigate same.

## SIXTH AFFIRMATIVE DEFENSE

(Justification)

35. As a sixth and separate affirmative defense to the Complaint, and each and every allegation therein, Blue Cross alleges its actions were undertaken in good faith and justified by legitimate business motives, purposes, and reasons, and with the absence of malicious intent to injure plaintiffs, and constituted lawful, proper, and justified activities.

### SEVENTH AFFIRMATIVE DEFENSE

(Full Performance)

36. As a seventh and separate affirmative defense to the Complaint, and to each and every allegation therein, Blue Cross alleges that prior to the commencement of this action, Blue Cross duly performed, satisfied, and discharged any and all duties and obligations it may have owed to plaintiffs arising out of any and all agreements or representations made by it or on its behalf.

### EIGHTH AFFIRMATIVE DEFENSE

(Statute of Frauds/Parol Evidence Rule)

37. As an eighth and separate affirmative defense to the Complaint, and to each and every allegation therein, Blue Cross alleges that the Complaint, and each purported cause of action therein, is barred by the Statute of Frauds and/or by the Parol Evidence Rule.

### NINTH AFFIRMATIVE DEFENSE

(Unclean Hands)

38. As a ninth and separate affirmative defense to the Complaint, and to each and every allegation therein, Blue Cross alleges that plaintiff's causes of action are barred by the doctrine of unclean hands.

### TENTH AFFIRMATIVE DEFENSE

(Misjoinder)

39. As an tenth and separate affirmative defense to the Complaint, and to each and every allegation therein, Blue Cross alleges that the parties and/or the purported claims alleged in the Complaint have been improperly joined.

## ELEVENTH AFFIRMATIVE DEFENSE

(Lack of Standing)

40. As an eleventh and separate affirmative defense to the Complaint, and to each and every allegation therein, Blue Cross alleges that plaintiff is barred from recovery because she lacks standing to assert each cause of action alleged in the Complaint against Blue Cross.

## TWELFTH AFFIRMATIVE DEFENSE

(Proper Party Defendants Under ERISA)

41. As a twelfth and separate affirmative defense to the Complaint, and to each and every allegation therein, Blue Cross alleges that Blue Cross is not a proper party defendant in this action.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Attorneys Fees)

42. As a thirteenth and separate affirmative defense to the Complaint, and to each and every allegation therein, Blue Cross alleges that the Complaint herein does not support the award of attorney's fees incurred by plaintiff in the litigation of this action. If however, it is found that attorney's fees are awardable under the Complaint, then attorney's fees should be awarded to the prevailing party and, in the event BlueCross prevails in this action, she should be awarded reasonable attorney's fees.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Waiver/Estoppel)

43.  Plaintiff has waived and/or is estopped from maintaining any claims against Blue Cross with respect to the matters alleged.

### FIFTEENTH AFFIRMATIVE DEFENSE

(ERISA Bar of Extracontractual Relief)

44.  As a fifteenth and separate affirmative defense to the Complaint, and to each and every allegation therein, Blue Cross alleges that the purported claims set forth in the Complaint for damages other than Plan benefits are barred by the provisions of ERISA.  29 U.S.C. §§ 1144(a), 1132(a)(1)(B), (3).

### SIXTEENTH AFFIRMATIVE DEFENSE

(Failure to Exhaust ERISA Administrative Remedies)

45.  As a sixteenth and separate affirmative defense to the Complaint, and to each and every allegation therein, Blue Cross alleges plaintiff has failed to exhaust administrative remedies as required by ERISA.  29 U.S.C. § 1133.

WHEREFORE, defendant Blue Cross prays for judgment against plaintiff as follows:

1. That plaintiff take nothing by reason of her Complaint on file herein;
2. For Blue Cross' costs of suit incurred herein.

Dated:                          Legal Department
                                BLUE CROSS OF CALIFORNIA

                          By: _____
                                BRIAN F. ROWE
                                Attorneys for Defendant
                                BLUE CROSS OF CALIFORNIA